(No. 5207.   April 26, 1930.)

UNION GRAIN & ELEVATOR COMPANY, Appellant, v. McCAMMON DITCH COMPANY et al., Respondents.

[288 Pac. 157.]

D. W. Standrod, for Appellant.

Isaac E. McDougall, Merrill & Merrill, L. E. Glennon, Peterson, Baum & Clark, H. B. Thompson and T. D. Jones, for Respondents.

PER CURIAM.—The former decision in this case (*Union Grain & Elevator Company v. McCammon Ditch Co.,* 41 Ida. 216, 240 Pac. 443) settled and determined the following controverted issues: that appellant was entitled to a full and continuous water right throughout the year and that appellant had not abandoned the same, but that the evidence did not show said water right to be 97.55 second-feet.

By the former decree the cause was remanded for the purpose of having determined the exact amount of water to which appellant was entitled, that is, what appropriation appellant had, the same being continuous for the year.

Upon the second trial, evidence was given by appellant as to the size of the mill when first installed, and the effect of the changes made during subsequent years upon the power required for its operation. Respondent introduced evidence on the same issues with certain specific figures based on a text on Practical Milling by B. W. Dedrick, and on abandonment and estoppel.

The last points were finally determined adversely to the respondent by the former decision and should not have been, and need not be further, considered.

From a consideration of all the evidence, we do not believe the findings, fixing appellant's water right, made by the trial court on the second hearing, are justified.

By reason of the expense already incurred and which would be involved in a new or further trial, the time already consumed in this litigation and the necessity of a new judge hearing the case, since the judge who heard the testimony is no longer on the bench and one of the judges now on the bench in the district where the action arose was formerly of counsel, we are loath to again reverse the case. (*Basinger v. Taylor*, 36 Ida. 591, 211 Pac. 1085.)

But we do not feel that the present state of the record is such as to justify us in making findings or rendering a final decision here as in *Vinyard v. North Side Canal Co.*, 47 Ida. 272, 274 Pac. 1069.

The judgment is therefore reversed and the cause remanded for a new trial upon the limited issues of the appropriation, to which appellant is entitled and the capacities of the mill.

Respondent's petition for rehearing on the *per curiam* memorandum opinion heretofore filed denied. Costs awarded to appellant.